JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JOrr@GGTrialLaw.com*

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN SOSA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>789123, INC. dba ESTIATORIO MILOS, a foreign corporation,<br><br>Defendant. | Case No.: 2:26-cv-02221-GMN-EJY<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Pursuant to Federal Rule of Civil Procedure 26(f) and LR 26-1, Plaintiff John Sosa ("Plaintiff"), by and through his counsel of record, Greenberg Gross LLP, and Defendant 789123, Inc. dba Estiatorio Milos ("Defendant"), by and through its counsel of record, Fox Rothschild LLP, hereby stipulate to the following Joint Proposed Discovery Plan and Scheduling Order.

**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

1. **Initial Disclosures:** The parties participated in the scheduling conference pursuant to Fed. R. Civ. P. 26(f) on September 22, 2026. The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than October 9, 2026. Aside from timing, the parties do

not believe that any changes are necessary as to the form or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

2. **<u>Discovery Cut-Off Date(s):</u>** The last day of discovery shall be **March 8, 2027**, which is 182 days (as the 180th day falls on Saturday, March 6, 2027, a non-judicial day) from the date Defendant filed its Answer to Plaintiff's Complaint on September 7, 2026. The parties anticipate that discovery will be limited in scope, consisting primarily of targeted business records productions and a small number of depositions.

3. **<u>Amending the Pleadings and Adding Parties:</u>** The parties shall have until **December 8, 2026**, which is ninety (90) days before the discovery cut-off date, to file any motions to amend the pleadings or to add parties.

4. **<u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):</u>** The disclosure of any initial expert witnesses shall be made by **January 7, 2027**, which is sixty (60) days before the discovery deadline. The disclosures of any rebuttal experts shall be made by **February 8, 2027**, which is thirty-two (32) days (as the 30th day falls on Saturday, February 6, 2027, a non-judicial day) after the initial expert disclosure deadline.

5. **<u>Dispositive Motions:</u>** Dispositive motions may be filed no later than **April 7, 2027,** which is thirty (30) days after the discovery deadline. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the extended discovery deadline.

6. **<u>Pretrial Order:</u>** If no dispositive motions are filed, the Joint Pretrial Order shall be filed by **May 7, 2027**, which is thirty (30) days after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court.

7. **<u>Fed. R. Civ. P. 26(a)(3) Disclosures:</u>** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order. Extensions or Modifications of the Discovery Plan and Scheduling Order: In accordance with Local Rule 26-3, a

stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein must be made not later than twenty-one (21) days before the subject deadline.

8. **Electronic Filing and Service:** The parties' attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4. For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to JDunn@GGTrialLaw.com, MHale@GGTrialLaw.com, CHardin@GGTrialLaw.com, and JOrr@GGTrialLaw.com; and for Defendant, service shall be made by email to dforbush@foxrothschild.com, KelseyHenderson@foxrothschild.com, and rgarner@foxrothschild.com.

9. **Electronically Stored Information:** The parties do not at this time anticipate any issues regarding disclosures, discovery, or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties anticipate that evidence will be presented to jurors at trial in electronic format. The parties will endeavor to produce all documents in a format compatible with the Court's electronic jury evidence display system. The parties agree that ESI may be produced or presented at trial in a readable image format (e.g., .pdf or .tiff), while reserving the right to seek production of ESI in native format if necessary and to the extent readable images are insufficient to establish any claim or defense. If a party later requests that ESI be produced in native format or as a forensic copy, the parties agree to meet and confer regarding the parameters of the production and to proceed in accordance with the Federal Rules of Civil Procedure. The parties shall work in good faith regarding the production and presentation of ESI at trial.

10. **Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. The parties acknowledge that, although each party will take reasonable steps to identify and prevent disclosure of material it

believes is privileged, privileged material may be produced inadvertently. A party that produces a document protected from disclosure by the attorney-client privilege, work-product doctrine, or any other recognized privilege ("privileged document") without intending to waive the privilege may promptly notify the requesting party that the document was inadvertently produced and should have been withheld. Upon receiving that notice, the requesting party must promptly return the specified document and any copies. Compliance with this obligation does not waive the requesting party's right to challenge the assertion of privilege.

11. **Alternative Dispute Resolution:** Pursuant to LR 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation. The parties have not agreed to a form of alternative dispute resolution at this time and will continue to evaluate opportunities for alternative dispute resolution.

12. **Alternative Form of Case Disposition:** Pursuant to LR 26-1(b)(8), the parties certify that they considered consenting to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Court's Short Trial Program (General Order 2013-01). At this time, the parties do not consent to trial by the magistrate judge or to use the Court's Short Trial Program.

///

///

///

///

///

///

///

///

///

13. ///**Electronic Evidence Certification:** Pursuant to LR 26-1(b)(9), and because a jury

trial has been demanded, the parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations at this time regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

Dated this 7th day of October, 2026.

**ORDER**

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: October 8, 2026

*/s/ John M. Orr*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

*/s/ Kelsey G. Henderson*
DEANNA L. FORBUSH
Nevada Bar No. 6646
REX D. GARNER
Nevada Bar No. 9401
KELSEY G. HENDERSON
Nevada Bar No. 17212
FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*Attorneys for Defendant*
*789123, Inc. dba Estiatorio Milos*